Good afternoon. We're here to hear oral argument in Gonzalez v. Ellis. Council ready? You may proceed. May it please the Court, I'm Lori Vogel, counsel for the appellant Juan Ramon Gonzalez. Before I begin, I would just like to briefly thank the Court and opposing counsel for working with me in rescheduling the argument today because of my illness. And I apologize if it caused any inconvenience. It's quite okay. We hope that you are well. I am much better. Thank you so much. This case is an appeal from the District Court of Arizona's denial of a Section 2241 habeas proceeding in which we challenged the court-martial conviction of Mr. Gonzalez for under which they found him guilty of premeditated murder of his wife when both of them were stationed in Spain back in 1987. First and foremost, one of the biggest problems that this case presents is a misapplication of the standard of review for habeas review of military claims by the district court. In this case, the district court magistrate in her report and recommendation applied a standard of review from a different circuit, from the Tenth Circuit Court of Appeals, which is pursuant to the Lips case. But the district court disavowed that, no? Excuse me? Didn't the district court – this is Lips you're referring to, right? Yes, Judge. Didn't the district court disavow that? In this opinion? The district court indicated in his order that the magistrate simply cited to a Tenth Circuit case, but it is clear from the report and recommendation that, in fact, the standard of review under Lips was applied as opposed to this Court's standard of review pursuant to Hathaway. But whose judgment are we reviewing here? Your Honor, the district court judge adopted in its entirety the magistrate's report and recommendation and simply issued a decision of about one paragraph long. But having recognized the difference between – the slight difference between Lips and our standard and Hathaway, what is the error in the district court adopting the magistrate's report, having recognized that and then having recited correctly the full and fair consideration standard? And having – if I may answer the question, you used the word notwithstanding when referring to the – the reliance by the magistrate. It is not clear to me from the – the district court judge did use the words notwithstanding the magistrate's citation to the Tenth Circuit case of Lips. The record reveals that a full and fair consideration was given to each of the claims raised by appellant. That was the essential finding of the district court judge. However, it is clear upon a review of each of the claims that in fact under Hathaway, if in fact the district court judge conducted an independent review under – pursuant to Hathaway instead of Lips, a review of each of these claims will demonstrate that in fact a – that in fact a full and fair consideration was not given and that in fact, particularly under the exculpatory – or excuse me, under the second claim, the appearance of command influence, that in fact the Lips standard was applied. Because, for example, under that second argument, the – the court of military review simply summarily denied the claim, after which the court of military appeals did not even mention the claim. And under Lips, that would – that would have been full and fair consideration because the sources, the secondary sources in a review of these cases demonstrates very clearly that under Lips, so long as the claim is raised by appellate counsel and the court of military – or excuse me, and the claim is not – that the military courts do not expressly refuse to consider the claim, that even if they summarily reject it – Well, but here they didn't summarily reject it. So saying even if doesn't help you on it. This – the question is for us, could the district judge find that the court of military appeals, or whatever it's called now, the – The higher court is the court of military appeals, and the first level of appellate court was the court of military review. That they gave full and fair consideration to the claim. And this was not a situation, like you're positing, where the claim was raised, the appellate court and the military system said, well, we've thought about it, and it's rejected. They actually went to a great deal of trouble to consider – to consider the claim. They – and they concluded that it didn't have an effect. If I can take each of the issues in order, I think it will help to illustrate that in fact they did not. First of all, as to the second claim, the undue command influence, in fact, all that the court of military review did was they said that we have summarily considered and summarily reject that claim. There was absolutely no analysis whatsoever in their decision, and the court of military appeals completely failed to mention it or review it at all. So that is absolutely not true with respect to that particular issue, Your Honor. As – But the top court looked at it. The full and fair consideration applies to what is done by the reviewing courts. When the full and fair consideration standard is applied, that is the case. Well, if the trial court does a adequate job of looking into it, and then the appellate court says we've looked into it and it's okay, and it turns out, in fact, the trial court did give it a fair consideration, what more can the – or should the appellate court say? As to the – I mean, the top court did look at it, said, well, this was a mistake, shouldn't have done it, a letter should be sent out to the witnesses telling them they shouldn't worry about it. Many of the witnesses were not even in Spain, they were in the United States. I mean, this was not given short shrift. As to that – as to the second claim, Your Honor, in fact, the military court did recommend that the convening authority or the SJA send a letter out to Officer Klaassen and to the members of her unit indicating to them that they should not be dissuaded from providing favorable testimony. There is no evidence in the record whatsoever that that was, in fact, ever done. And under the appropriate case law that applies to appearance of undue command influence, corrective steps need to be taken. Not just a recommendation, but there has to be evidence, and there is none anywhere in this record. In fact, there is evidence in the record that Officer Klaassen did discuss this with members of her unit and that she was very fearful, both prior to and after her dismissal, that it was due to her unfavorable testimony and the court – the lower court – But after – after the matter was straightened out as well? Yes, Judge. The matter was straightened out, and no – even though it was straightened out as to Officer Klaassen, the appearance of unlawful command influence applies to the others. Was there evidence she was still fearful after it was straightened out? No. There is no evidence, however, that any – that any steps, corrective steps were taken with respect to any of the other witnesses. That wasn't my question. Was there evidence that she was still fearful after the – after the matter was straightened out? That I am not sure about, Judge. There was none that I could see. I have in front of me, not the full record, but just the excerpts. Where in the excerpts, if it is in the excerpts, can I see the evidence from Faye Officer Klaassen as to her fear or lack of fear or command influence and so on? Just one moment, Judge. If I may, Your Honor, if I can check that site and let you know where that is when I do my rebuttal, would that be appropriate? That way, I can have a moment to take a look at it. Thank you.   If we were to conclude that the military courts did not give full and fair consideration here, are we then entitled to look at the evidence ourselves, or is that just – is that just it? Are we just – are we just done and Gonzales gets a new trial? Pursuant to Hathaway, which is the Ninth Circuit standard, a court-martial conviction may be deemed void in habeas proceedings due to constitutional defects. So if you review these issues under Federal constitutional law and you determine that, in fact, there – the military courts did not apply Federal constitutional law in an equal manner, absent to a civilian defendant. That's not – that's really not my question. Okay. My question is, under the – you began by telling us that there was a misapplication of the standard of review here, and began by talking about the district court's – I'm sorry, the magistrate's use of lifts, and then you suggested that the – you did more than suggest, you simply flat-stated that the military courts did not give full and fair consideration, particularly you wanted to use the chain of command, the undue influence problem as an example. Now, if we were to agree with you that the military courts had not given full and fair consideration to the problems attendant to this undue influence, does that mean, then, that we get to look at what the military trial court did to determine for ourselves whether it's correct? That is, there's no standard of deference to military courts at this point. We simply get to look at it for ourselves, or does it mean that we're – that we're done, the military courts of appeals didn't do their job, and now we have to do what? We send it back for a retrial? In my reading of the cases, yes, that is what you would do, as opposed to conducting a de novo review of – of all of the evidence. The errors – Even if there's no – even if we thought that there was no merit to the argument on the substance of the argument, if the military courts failed to look at it, and even if we thought that it was – that it could be answerable by looking at the record, if the military courts looked at it but gave it for a short shrift when they wrote it up, then Gonzales gets a new trial? Are you asking, in fact, whether it's like a harmless error analysis would – would apply? I'm wondering what – what that standard of – what you think that standard of review means for us. For – in my understanding of – of the – and review of the cases, it appears that he would be entitled to a new trial because there is a very high level of deference, in fact, to the military courts on findings of fact. Apparently, a much higher review in the cases that I've looked at under the – the that the standard of review does not accord as much deference to the military courts with respect to questions of law and applications of constitutional law. There is a very high deference to the military – or to the military tribunal's finding of fact. If I can move just very briefly to the investigator issue, because I think that's a very important issue in this case, as well as the failure to present exculpatory evidence. The – my primary argument as to why the military courts failed to give full and fair consideration to the claim regarding the investigator is that the military courts applied Gary's, which is the necessity requirement for the showing of – of the necessity for an investigator, without deference to Aki. And none of the reviewing courts, the court of military appeals, mentioned Aki, but neither of those reviewing courts conducted an analysis in light of Aki. And when you have a situation where the military has 17 investigators, and yet they wouldn't even give one investigator to the defense in what is a very circumstantial evidence case. Kennedy. Say they have 17 investigators doesn't tell us very much. I mean, just saying how high is tall. Maybe they had 17 investigators in 6,000 cases. So giving a number like 17 doesn't help you any. Why not? On this case, Judge. Excuse me? 17, as I understand it, were used on this case. Oh, on the prosecutor's case. Yes, Judge. Yes. Yes. Not just that they have 17. Well, what does it help you? The – because all of their investigators – I mean, the investigation is done by the prosecution. That's correct. The main investigation is done by the prosecution. They interview the witness. This is how police work is done. This is how we are in our system. That's correct. Maybe there's a better way of doing it where people – defendants get to do the investigation. But I think – And in fact, for civilian defendants, Your Honor, under Akey, there is – He's not a civilian defendant. This is a military defendant. That's true, Judge. But under the White's case – And why isn't the fact that he was given – the lawyer was given an interpreter and he was given a chance to come back and explain why he – you know, the use of the First two points, Judge. As to your earlier point, civilian – or, excuse me, military defendants are, under the United States Supreme case of Weiss, to be treated equally to civilian defendants with respect to due process protections unless there is a stated military purpose for not according that equal treatment. That was never done here. But he's getting a standard of review. The question is not what rights he has. The question was whether that right was given full and fair consideration. And yes, he has a right to some sort of investigation. The question is, will it be done by the lawyer? Will it be done by the investigator? And here, what they said is, look, we – instead of giving an investigator, we gave him an interpreter. We think investigations could well have been done by a lawyer. If that's not possible or not feasible or whatnot, come back and explain why not. And in the meantime, because the lawyer doesn't speak Spanish, we're going to give him an interpreter. And he never used an interpreter. What is – what's wrong? Why isn't that a full and fair consideration of the claim? Maybe not the one you'd like, but why isn't it full and fair? First of all, it's our position – and I lay out in detail in my briefs why we believe that the necessity showing was, in fact, made. But secondly, even assuming that they did not make it in the first instance, counsel was ineffective for not returning back to the trial judge after he appointed an interpreter. And although the government's position is that that issue has been procedurally defaulted, there is no – no means by which a military defendant can bring forth a claim of ineffective assistance of appellate counsel. There's no equivalent to the State petition for post-conviction relief. And so this is really the first opportunity for him to have done that was in the district court. Number two, it is clear from the reasons given by both the court – I'm sorry. Can I go back for just a minute? Yes. We moved from trial counsel to appellate counsel in a way that I wasn't sure I followed. My understanding of the argument in substantial part is that the trial counsel was ineffective in not using – at least on this line of argument – not using the interpreter. If they – if trial counsel had used the interpreter, maybe they would have been able to come up with enough evidence or something to say, and now here's why we need the investigator. And so, I mean, there is an ineffective assistance of counsel claim that might lie there. That's correct. That was not raised, though, Judge, on appeal in any of the appeals. Right. And so you're – and you're saying that ineffectiveness of appellate counsel can't be raised. Are you saying that ineffective trial counsel can't be raised? I'm saying that ineffective – that the appellate attorney should have recognized from the findings that were made that there was an ineffective assistance of trial counsel claim made, and they failed to do so. And in doing that, that they – And is there a constitutional right to effective assistance of appellate counsel? Yes, Judge. There is an equal – equal right for issues that clearly should have been raised. And in light particularly of the decisions and the rationale by both the court of military review in denying this claim and the court of military appeals, they both specifically found that defense counsel was given an interpreter and failed to use that interpreter. I see I only have a couple of minutes left, and I'd like to reserve those for rebuttal. Okay. You got it. Thank you. We'll hear from the government. May it please the Court. Linda Boone, on behalf of the United States. Good afternoon. Conspicuously absent from the argument of counsel in this case is any reference, analysis, or response to the affidavits provided by military defense counsel to the court of military review and the court of military appeals. Those affidavits refute every issue of ineffective assistance of counsel that was brought up on appeal and also before the district court. The court should also note that defense has failed to refute or deny any of the incriminating statements that were attributed to the defendant that also came before the court. Moving on, then. I'm sorry. So what you're saying with a lot of argument is a big Kalamazera thing, even if you get a bad investigator and poor lawyer and whatnot, he hung himself with his own confession and that's the end of it? It's not the end of it, Your Honor. Because everything else becomes harmless. But it is a major portion of it, Your Honor, yes. The argument before the district court focused to a large extent on whether or not more things should have been done and the science, for instance, the scientific testing, but it was clear from the findings below that it was not the scientific testing that convicted this defendant. The court of military appeals and review was very specific. They found motive, they found physical evidence, and they found incriminating statements against this defendant. There is no truth. The court of military appeals found this? Yes, Your Honor. But they're not a fact-finding body. No. They were reviewing the findings below and they specifically noted this evidence and they found, although circumstantial, that the evidence was overwhelming against the Petitioner in this case. Furthermore, there is really no true conflict between the standard of review in Lips and this Court in Hathaway. The Tenth Circuit explained that their four-part test is merely an aid to determining whether or not full and fair consideration of the issues was made. And do we look in this circuit to Hathaway for the test? Yes, we do, Your Honor. And where in Hathaway is full and fair consideration stated as the test? Your Honor, I did not – I apologize, I did not cite the page right in front of me, but I will be glad to provide that to the Court specifically. I don't think that's what Hathaway says is to the standard. Burns – it's Hathaway v. Secretary of the Army is referring to Burns v. Wilson, the Supreme Court case, Your Honor. I know both cases. And that is where we find the standard of review of whether or not full and fair consideration was given to the Petitioner. But in your view, to the extent that there's circuit law glossed on Burns, we find it in Hathaway. Yes, Your Honor. And also, Your Honor, this circuit specifically held, in response to one of the earlier questions, I think by Judge Kaczynski, that there was – should be more definition of deference according to military court determinations than to those, for instance, of state courts. That's in Davis v. Marsh. So we are not asking that there be less protection to military members, but we are saying that more deference must be given to the military courts. But don't they flip sides of the same coin? If you give more deference to the military tribunals, that necessarily means fewer rights for the defendants. I mean, is that how it works? It is not fewer rights, Your Honor. It is more precisely a higher standard ascribed to the military courts. Because, as Davis v. Marsh said, the federal court's role is more limited in collateral review of military determinations, because in order to work effectively, the military must enforce a respect for discipline that might be found intolerable in civilian life. But there are not less rights accorded to the military member. In fact, the government would point out to this court that- Well, this case has to do with discipline. If this is a case of a husband being accused of killing the wife at home, this isn't anybody disobeying orders. This isn't cowardice in battle. You know, it's none of those things. This isn't somebody stealing from the military, passing secrets to the enemy or anything of that sort. It's a run-of-the-mill husband-wife violent incident. It is nevertheless, Your Honor, a violation of the code of military justice to commit murder, and that is what he was convicted of. He was not convicted in a civilian court. He was convicted of a violation of the code of military justice in military court. But how would reviewing the state court or the court of military review and military appeals decisions, the way we review, let's say, state court decisions or district court decisions, how would that interfere with military discipline in any way? How does this- The federal courts are not interfering with military justice, Your Honor. This circuit has simply said that more deference has to be paid because just as a collateral review of a state conviction would be interfering with the finality of a state conviction, interfering with a military conviction would be, in collateral review, would be attacking the finality. No more- Of course, that's the whole point, is attacking the finality, but that's a different proposition from saying that this will interfere with military justice, which I thought was military discipline, which I thought is the argument you were making. You said military discipline. Military discipline, Your Honor, with regard to the offense, with regard to the review, with regard to the restitution- Oh, explain to me. Are troops suddenly going to disobey their commanders during battle because the court of military review got reversed by the Ninth Circuit? I don't get it. Your Honor, let us turn to the issue of whether or not there was undue command influence. That specifically went to discipline. Although there was a misunderstanding, the SJA was concerned that a master-at-arms guard had not complied with a lawful order by the military judge. The SJA's action was taken in order to enforce a lawful order to enforce military discipline. And specifically- That sounds like command influence to me. Your Honor, that is exactly what the military court said, that there was the appearance of undue military influence. There was no actual- Well, that's not exactly what I said. I said it is military – it is command influence. I didn't say appeared to be, and I didn't say undue. I said it's command influence. And the government is agreeing, Your Honor, that it was an attempt to use command influence. However, the military court found that there was no actual command influence taken. And in fact- Now, we heard a moment ago that there's nothing in the record to indicate that there was any corrective action taken. Is that correct? Your Honor, I cannot find in the record specifically that those letters were sent out. In other words, that is correct. There's nothing in the record to indicate that corrective action was taken? That is correct, Your Honor. However, I would like to point out that at ER 21, at page 540- ER 21. What's happening? Yes. ER tab 21. 21. Okay. At 540. At 540. Hang on. This is the military judge's decision. I'll get there in a minute. Okay. I'm on page 540. Near the bottom, Your Honor. Near the very bottom. Defense counsel indicated to the court that they had not encountered any witnesses- Now, are you reading or are you summarizing? I'm summarizing, Your Honor. And first let me, I'm slow on this. Read to me the portion that you think is important. And then we can be on the same, not only same page, but with the same text. There are no lines, Your Honor, but it's very near the bottom. Okay. It's in front of me. This is the line- The defense? It starts, the defense has indicated that to date it has not encountered any witnesses influenced by the SJA's action. In fact, one petty officer from the Master at Arms Forces willingly testified on this motion. In addition, it appears that the bulk of the defense witnesses are not attached to U.S. Naval Station Rota, Spain. Any potential impact would be narrowly limited to the members of the Master at Arms Forces. Okay. Thank you. Therefore, Your Honor, no actual influence was found, even though we cannot find in the record whether or not the recommended letter was actually sent. Well, I'm not sure none was found, but certainly this is saying whatever impact there was was extremely limited. Yes, Your Honor. I would also like to address the, because my time is running, I would also like to address the denial of an investigator. The defense counsel has not represented the facts correctly to this court. The affidavits from military defense counsel were quite clear. They knew that they had a three-part test to meet under Garry's, and contrary to defense counsel's argument, Garry's did lay out a three-part inquiry right at the bottom of page 291, and that was not in contrast to Aki. I believe that's the correct pronunciation. Aki was only cited by that court to say that there is, there must be a necessity shown before an expert is established. However, Aki went to the issue of whether or not the defendant could afford the expert, and if it couldn't and it could show necessity, then the State had to provide it. That's not an issue in the military court, because expert assistance and investigation is provided regardless of the indigent, indigency of the military member. All investigators. But if the court says no and the defendant is rolling in money, he can hire an investigator. Absolutely, Your Honor. So I don't think he can get away from it. It's only people who can't afford the investigator that have this problem. I don't think you've gotten away from that issue at all. Your Honor, the affidavit of the military counsel made clear that they did conduct an extensive investigation. They did not, did not ignore the court's argument. Well, there's also another argument, which may be a good one. You're giving up another one. I'm sorry, Your Honor. You're talking about the indigency problem. This is not a case involving indigency. It is not. But I was pointing out to you that it was. I mean, by necessity. If he had the money, he could have gotten himself an investigator. The fact that the Army doesn't require you to prove up indigency doesn't strike me as making a big deal of difference. I would probably assume that most soldiers are not wealthy enough to hire an investigator. It is no difference. The fact is, though, if you have the money to hire one and your life's at stake, you will do it. There is no difference in the civilian court, Your Honor. So the case that you were trying to distinguish, you're not able to distinguish. Atkins seems to be. No, Your Honor. Atkins said that you must establish necessity. And if you establish necessity, in that case it was whether or not, I believe, to be a major issue. If you establish the necessity for the expert assistance and you do not have the money, then the State must provide it. That necessity requirement is no different from the necessity requirement that the military court requires. But indigency does not. It's an all-fourth, right? It is not. So we're back to the question of whether or not you establish necessity. And in this case, the defendant was unable to establish necessity. But it was not because the investigator was not used. It was because they could not establish any facts to come back to the court and renew the request for the investigator. Why is that itself not an effective assistance? I mean, here they asked for an investigator. The court said, look, try to do your own investigation. And they did, Your Honor. If you can't come back, come back and when they appoint an investigator, then don't do it. Your Honor, they did an investigation. They used the interpreter. And neither defense counsel found facts that they felt were sufficient to come back to the court to renew the request for an investigator. They did not ignore that issue. The government feels that that is the problem here, that the defendant ignores the own state, the statements of its own counsel. And this Court should also note that the, as I'm sure the Court is aware, the designation of detailed counsel means appointed by the government, but individual defense counsel means that counsel chosen, selected by the defendant in this case. And yet, and still, the attack upon the effectiveness of that counsel remains the same as the attack upon the detailed defense counsel. However, the Court should also note that not one letter from any of these numerous character witnesses, for instance, that defendant says were available, has been brought forth in all these years. Defense counsel before this Court did an excellent job of trying to track down the physical evidence contacting all of the military authorities, but could not track down even one character witness. There is not one piece of evidence other than defendant's own statements to contradict or refute in any way the affidavits of the defendant. I see that my time is just about up, Your Honor, but I would like to address the destruction of the physical evidence. Scientific testing was not an issue on appeal. No doubt the destruction of the physical evidence was imprudent, but there should be no finding of bad faith in the destruction. Well, what would happen if they had, if the Court of Military Appeals had reversed in this case? Well, what would have happened? With regards to what, Your Honor? Anything. Just found a reversible error and sent it back to a new trial. There would have been a new trial, Your Honor. And there was evidence left to do the trial with? The evidence still would be left. The physical evidence had been destroyed. But again, as the government reviewed, it was not the scientific testing of any physical evidence that appeared to be the determining factor in this case. It was more the circumstantial evidence. There was no blood, no tissue, no hair, no footprint, nothing like that. Tied to the defendant at the military court, Marshal. And in fact, the autopsy notes at ER tab 16 on the last page that there was no semen detected on the body. Therefore, there was not even any semen to test. So, as the district court noted, where is the prejudice? There was no scientific testing challenged, and there was no evidence of scientific testing attributed to the defendant. Well, I had assumed that they didn't just destroy the scientific evidence. I assumed that they destroyed other evidence. The physical evidence, Your Honor. So how do you, I mean, let me ask my question again. Let's say they had reversed, the code of military appeals had reversed. How would the prosecution re-prosecute without the physical evidence? The prosecution would still have the scientific report, the autopsy. It would still have the testimony. That was the primary case, Your Honor. The testimony against the court. It seems a little much to destroy the evidence before the case becomes final on appeal. It seems a little overly confident. The government agrees, Your Honor, absolutely. However, again, the only thing the government can point to is that scientific testing was not an issue on appeal. However, granted, it was imprudent, should not have been done prior to finality in this case. But we cannot go back and restore it. But again, Your Honor, it was not an issue, and the defendant has failed to establish how any scientific testing at this point would aid him, nor how the lack has prejudiced him. I'm out of time, Your Honor. Does the Court have any other specific questions they'd like me to address? Thank you. Let me hear from the petitioner again. Thank you, Judge. First, I'd like to answer your question in wearing the record. It shows that Officer Claussen was concerned and upset over what she viewed as unlawful  evidence. That is under Appellant's Excerpt of Records, page 21, the same. Page 21? Yes, which is the findings of fact by the military court concerning the military court influence, and that is at the bottom of pages 531. Wait a minute. I've got Appellant Petitioner's Excerpt of Records with a whole bunch of tabs. What tabs is that? Tab 21. Tab 21. And then what page? I'm sorry. The bottom of page 539 to the top of 540. Okay. As to the affidavits referenced by the government, first of all, it was that those specifically were presented to the military courts, and the military courts, for whatever reasons, still concluded that, in fact, the interpreters were not used by trial counsel. In fact, both of the affidavits primarily addressed their failure to present exculpatory evidence that was in their possession, and so we deal with that under our Argument 3. And there are major problems with those findings, including, for example, one of the reasons given by trial counsel for not presenting evidence that the crossbow was found near the home of Yuri Donovo was because they said, well, our client, you know, owned a crossbow and it was missing. Well, the victim and Yuri Donovo had full and free access to that home, and there was evidence that was presented that, in fact, they were at a store the day of the murder buying a crossbow, arrows, and bolts. I thought that the trial counsel's explanation was that no direct evidence was ever received as to what the murder weapon was, and that they were very reluctant to concede that a crossbow was the likely weapon, since their client owned a crossbow and his crossbow was missing, and he made inculpatory statements or statements that would have been inculpatory about how she could have been killed from a distance of four feet with a crossbow. I think, first of all, Your Honor, if I may, my time is running out. But, first of all, I think that that was an unreasonable trial strategy in light of the fact that the autopsy and all of the doctors concluded that, in fact, the puncture wounds were caused by a crossbow. And the government also presented evidence that, in fact, a crossbow was missing from the home. So to not include that is a real problem. And then, secondly, as to the statements and all of the overwhelming evidence supposedly that was presented by the prosecution, quite frankly, the military courts were just wrong on some of that. There was no blood, for example, found on the towel that was found near the scene. There were major problems which are addressed in the record relating to these alleged inculpatory statements, which were, in fact, made by people who were speculating with appellant at the time who didn't report those statements until much later. Now, we're told that the crossbow was found near Urey's home. I don't know more than that. Do you know, can you tell me more what near means? It's my understanding, I don't know exactly how close, Your Honor, but even trial counsel concedes that it was found in the vicinity of where he lived. As far as the DNA testing, too, even minor traces of fingerprints could have been found using DNA at this point, semen, present semen and everything else. I really think it was prejudicial. But they couldn't even find, all the testing was inconclusive on the physical evidence and connecting it with them. So DNA would have made a difference. Thank you. Thank you. The case has already been considered. We're adjourned. All rise.
judges: Kozinski, W. Fletcher, Bybee